ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. CAVITT.

(Court of Civil Appeals of Texas. Austin. Jan. 29, 1913. Rehearing Denied March 5, 1913.)

TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF THE TESTIMONY.

An instruction on the weight of the testimony is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Action by J. F. Cavitt against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

G. H. Farmer, of Gatesville, and Scott & Ross, of Waco, for appellant. S. P. Sadler, of Gatesville, for appellee.

KEY, C. J. This is an appeal from a verdict and judgment in favor of appellee for damages alleged to have been caused by the defendant's negligently causing the destruction by fire of certain cordwood belonging to appellee.

There is no assignment of error complaining of the verdict of the jury; the only complaint urged in appellant's brief being addressed to certain paragraphs of the court's charge, and to the refusal of requested instructions. The requested instructions were upon the weight of testimony, and would have invaded the prerogatives of the jury; and, for that reason, were properly refused.

The court's charge was full, fair, and reasonably accurate and is not subject to the criticisms urged against it. It did not assume the existence of any material fact about which there was any conflict in the testimony; nor did it authorize the jury to find for the plaintiff as to both of the alleged fires, if the defendant was guilty of negligence as to only one; nor did it require the appellant to rebut the proof of negligence as to both fires to relieve itself from liability as to either. Railway Co. v. Hill, 95 Tex. 629, 69 S. W. 136. Taking the whole charge together, we think the jury must have understood it to mean that the question of appellant's liability as to each fire was to be determined by the facts relating to that fire; and that if appellant was guilty of negligence which caused one of the fires, and was not guilty of negligence as to the other, there could be no recovery as to the latter.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.